IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON | : | CIVIL ACTION |
| v. | : | |
| ALL ROUNDERS SYSTEMS, LLC | : | NO. 14-90 |

MEMORANDUM

Bartle, J.                                           December 17, 2016

Plaintiff, Certain Underwriters at Lloyd's London ("Lloyd's"), has sued defendant All Rounders Systems, LLC ("All Rounders"), seeking a declaratory judgment that Lloyd's has no duty to defend or indemnify All Rounders under a commercial liability policy issued by Lloyd's. Before the court are two motions filed by Lloyd's for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1]

This action was precipitated by a letter sent by All Rounders to Lloyd's requesting that Lloyd's, pursuant to the policy, defend and indemnify it against claims allegedly asserted against All Rounders by a third party. The third party's claims against All Rounders arose from its involvement in the construction of the third party's home. As far as the

---

1. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

record indicates, the third party has not filed a lawsuit against All Rounders.

Subsequent to that letter, Lloyd's commenced this action in this court for a declaratory judgment. Lloyd's thereafter filed the first of two motions for summary judgment, to which All Rounders did not file any opposing brief. Instead, All Rounders filed a "Notice to the Court" advising the court that it had withdrawn all claims against Lloyd's in connection with the claims asserted against it by the third party. Thereafter, Lloyd's filed a second motion for summary judgment, without an accompanying brief. The gravamen of the second motion is that the court should deem its first motion for summary judgment conceded and grant the motion due to All Rounders' failure to oppose it.[2]

Article III of the United States Constitution requires that there be a case or controversy in order for a court to adjudicate it. U.S. Const. art. III, § 2. The plaintiff's claim must be live both when the suit is commenced and throughout the

---

2. A court may not grant a motion for summary judgment simply because it is unopposed. See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 173 (3d Cir. 1990). Under the Local Rules, the failure to respond to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure may result in a finding that the asserted facts are not in dispute. See LRCi 56.1. Under Rule 56(e), if a party "fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion[.]" F.R.C.P. 56(e).

litigation. Alvarez v. Smith, 558 U.S. 87, 92 (2009). Absent considerations not present here, if the claim becomes moot, we must dismiss it for lack of subject matter jurisdiction. Already, LLC v. Nike, Inc., 133 S.Ct. 721, 727 (2013).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). An issue is no longer live when even a favorable decision on it would not entitle the party to the relief sought. See Murphy v. Hunt, 455 U.S. 478, 481-82 (1982). When "changes in the circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief," the petition should be dismissed as moot. See eg, Jersey Cent. Power & Light Co. v. New Jersey, 772 F.2d 35, 39; Mills v. Green, 159 U.S. 651, 653 (1895).

The motions of Lloyd's for summary judgment are now moot. Lloyd's seeks a judgment declaring that it has no duty to defend or indemnify All Rounders under the policy. However, All Rounders has withdrawn its claims against Lloyd's, and Lloyd's does not challenge the existence of this withdrawal. Thus, the issues that Lloyd's raises in the pending lawsuit are no longer live.

Lloyd's does not seek damages and seeks declaratory relief only with respect to the applicability of insurance coverage under the policy. Lloyd's no longer has a legally cognizable interest in the outcome of the case. See Murphy, 455 U.S. at 482.

The motions of Lloyd's for summary judgment under Rule 56 are moot, and the action will be dismissed for lack of subject matter jurisdiction.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON | : | CIVIL ACTION |
| v. | : | |
| ALL ROUNDERS SYSTEMS, LLC | : | NO. 14-90 |

ORDER

AND NOW, this 27th day of December, 2016, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the two motions of Plaintiff Certain Underwriters at Lloyd's London for summary judgment (Doc. ## 22 and 27) are DENIED as moot and the action is DISMISSED for lack of subject matter jurisdiction.

BY THE COURT:

/s/ Harvey Bartle III
HARVEY BARTLE III                J.
SITTING BY DESIGNATION